IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. RITTER, JR., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 11-116 |
| | : | |
| v. | : | |
| | : | |
| BLUE MT. SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 10th day of February 2011, having considered Plaintiff Thomas Ritter's *pro se* Complaint (Doc. No. 1) and Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2), it is ORDERED as follows:

(1) Plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED.[1]

(2) The proper procedure after a district court grants *in forma pauperis* status is to file the complaint and then "screen it" before service pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] The United States Code permits any court of the United States to "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit" that includes a statement indicating that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). The granting of a petition to proceed *in forma pauperis* is "committed to the sound discretion of the district courts." United States v. Holiday, 436 F.2d 1079 (3d Cir. 1971). Moreover, "[t]he only statutory requirement to proceed *in forma pauperis* is good faith and does not require that the underlying claim be meritorious." Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (citing Ellis v. United States, 356 U.S. 674 (1958)). Plaintiff filed the appropriate affidavit in support of his request to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1). In the affidavit, Plaintiff states that he is not currently employed and has not been employed since February 2009. (See Doc. No. 2 at 1) Plaintiff reports that he receives just over $1,000 per month in social security, that he does not have any cash or money in a bank account, that his mother is dependant upon him for financial support, and that his monthly expenses total approximately $1,000. (Id.) Under these circumstances, this Court will grant Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 2).

Fisher v. Miller, 373 Fed. App'x 148, 148 (3d Cir. 2010) (citing Oatess v. Sobolevitch, 914 F.2d 428, 429 n.1 (3d Cir. 1990)).  "The District Court may dismiss the complaint if, *inter alia*, it fails to state a claim upon which relief can be granted."  See 28 U.S.C. § 1915(e)(2)(B)(ii); Fisher, Fed. App'x at 148.  If the Court finds that the Complaint fails to state a claim upon which relief can be granted, the Court must grant Plaintiff leave to amend the Complaint unless "amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002) (citing Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000)); see also Fisher, 373 Fed. App'x at 149-50.

It is well-established that courts should construe *pro se* complaints liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Giles v. Kearney, 571 F.3d 318, 322 (3d Cir.2009).  However, Plaintiff's *pro se* status does not permit this Court to read into the Complaint claims and prayers that simply are not there.  Jayme v. U.S., No. 10-3248, 2011 WL 195566 (D.N.J. 2011).  Viewing the *pro se* Complaint liberally, Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff alleges that the "Blue Mt. School District does teach that evolution without the possibility of a Creator is the only explanation for the existence of life," that this teaching is "unscientific" and "Atheism," and that Defendant "wants to tax Plaintiff to support its scheme." (Doc. No. 1 at 1.)  Plaintiff then seeks a declaratory judgment that the "Blue Mt. School District is an illegal body so long as it teaches Atheism, and is thus not entitled to pursue any further actions."  (Id. at 2).  Despite its best effort to do so, the Court is unable to decipher a legally valid claim from the Complaint as written for two reasons.  First, Plaintiff has not alleged a legally cognizable injury, only that he disagrees with the alleged teachings of the school district.  Second, Plaintiff asks the Court to declare the Blue Mountain School District "an illegal body."

This is not a proper form of relief. The Court may declare certain actions by a body to be unlawful or "illegal;" however, it is beyond the jurisdiction of the Court to declare a body, in and of itself, to be "illegal." Despite the allegedly unlawful actions Plaintiff contends that the School District is and may take, Plaintiff has cited no authority to permit a District Court to declare that a school district as a whole is "illegal."

Plaintiff also asks the Court to enjoin Colleen Hoptak, a tax collector for Orwigsburg Borough, Pennsylvania, from collecting any taxes "until the District is again legal."[2] (Id.) As a threshold matter, the Court declines to enjoin the actions of Ms. Hoptak, who is not a party to this litigation. See Bronson v. Minnick, No. 2-547, 2006 WL 1670212 (W.D. Pa. June 16, 2006) (declining to enjoin individuals who were not parties to the suit); Pennsylvania Prison Society v. Rendell, No. 97-1731, 2006 WL 4998630, at * 4 (M.D. Pa. June 12, 2006) (declining to grant injunctive relief relating to parties not before the Court). Further, the Complaint does not include any allegation of unlawful activity by the Orwigsburg Borough tax collector, how Plaintiff has been injured by an attempt to collect taxes duly owed, or how the Blue Mountain School District is in any way liable for the tax collector's activities. Plaintiff has failed to allege a cognizable claim.

(3) Based on the foregoing, this case is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e).

---

[2] Plaintiff presumably refers to Colleen Hoptak because her name appears on the Tax Notice sent to Plaintiff in an effort to collect a $230 Occupational Assessment Tax. (Doc. No. 1, Exhibit A.)

(4) Plaintiff is granted leave to file an Amended Complaint in accordance with this Order within thirty (30) days of the date of this Order.

.

                    BY THE COURT:

                    /s/ Joel H. Slomsky, J.
                    JOEL H. SLOMSKY, J.