IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. RITTER, JR., | : | |
| | : | CIVIL ACTION NO. **3:CV-11-0116** |
| Plaintiff | : | (Judge Slomsky) |
| v. | : | (Magistrate Judge Blewitt) |
| BLUE MT. SCHOOL DIST., | : | |
| Defendant | : | |

### REPORT AND RECOMMENDATION

**I. Background.**

On January 18, 2011, Plaintiff, Thomas J. Ritter, Jr., a resident of 320 MacArthur Drive, Orwigsburg, Schuylkill County, PA, 17961, filed, *pro se*, the instant action. (Doc. 1). Further, Plaintiff filed an *in forma pauperis* motion. (Doc. 2). Plaintiff alleged that Defendant Blue Mountain School District was an illegal body since it taught evolution which was the equivalence to Atheism, and he requested the Court to declare Defendant as an illegal body. The Court found that Plaintiff failed to state a cognizable claim in his Complaint.

On February 11, 2011, the Court[1] issued an Order and granted Plaintiff's *in forma pauperis* motion (Doc. 3). The Court then stated:

> The proper procedure after a district court grants *in forma pauperis* status is to file the complaint and the "screen it" before service pursuant to 28 U.S.C. § 1915(e)(2)(B). <u>Fisher v. Miller</u>, 373 Fed. App'x 148, 148 (3d Cir. 2010) (citing <u>Oates v. Sobolevitch</u>, 914 F.2d 428, 429 n.1 (3d Cir. 1990)). 'The District Court

---

[1] District Court Judge Joel H. Slomsky of the Eastern District of PA has been assigned this case pursuant to a designation by the Honorable Theodore A. McKee, Chief Judge for the Third Circuit Court of Appeals.

> may dismiss the complaint if, *inter alia*, it fails to state a claim upon which relief can be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii); fisher, Fed App'x at 148. If the Court finds that the Complaint fails to state a claim upon which relief can be granted, the Court must grant Plaintiff leave to amend the Complaint unless "amendment would be inequitable or futile." Grayson v. May view State Hosp., 293 F.3d 103, 106 (3d Cir. 2002) (citing Shane v. Fauver, 213 F.3d 113, 116-17 (3d Circ. 2000)); see also Fisher, 373 Fed. App'x at 149-50.

(Doc. 3, pp. 1-2).

Thus, after reviewing Plaintiff's allegation, the Court dismissed without prejudice Plaintiff's original Complaint pursuant to 28 U.S.C. §1915(e) and, it directed Plaintiff to file an Amended Complaint within thirty days. (Doc. 3, pp. 3-4).

On March 10, 2011, Plaintiff filed his 2-page typed Amended Complaint with an attached 2-page typed brief, an Exhibit A (copy of Plaintiff's 2010 Occupation Assessment Tax Notice for Blue Mountain School District and a paid receipt), and Plaintiff's resume.[2] Plaintiff indicates that his Amended Complaint is a civil rights action, pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment and Fourteenth Amendment rights. Plaintiff names a sole Defendant Blue Mountain School District. Plaintiff has named Blue Mountain School District as a Defendant herein, seemingly pursuant to *Monell*.[3]

Plaintiff indicates that he is a taxpayer in Blue Mountain School District and he submits his Exhibit A as evidence. Plaintiff filed this civil rights action against the school district claiming that the teaching of evolution by the school district to its students, which he states amounts to atheism,

---

[2] In his resume, Plaintiff states his work experience from 2009 to present as "know-it-all and professional troublemaker." (Doc. 4, p. 7).

[3] *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978).

2

violates his rights under First Amendment Establishment Clause. Plaintiff avers that "it is illegal to teach Atheism in the public schools." (Doc. 4, p. 1). Plaintiff also avers that "Defendant wants to tax Plaintiff to support its teaching of Atheism." (Id.).

As relief, Plaintiff seeks a declaratory judgment that "Defendant's teaching of evolution violates the Establishment Clause of the First Amendment of the United States Constitution and Art. I, Sec. 3, and Art. III, Secs. 15 & 29 of the [PA] Constitution and constitutes the teaching of Atheism." (Id., p. 2). Plaintiff also seeks injunctive relief as well as monetary damages for violating his First Amendment rights and his rights under the PA Constitution. Further, Plaintiff seeks all of his costs under 42 U.S.C. §1988. (Id.).

This Court has jurisdiction over this action based on 28 U.S.C. § 1331 and §1341(a). This Court has authority to issue a declaratory judgment under 28 U.S.C. §2201 and §2202. Plaintiff also seems to seek the Court to exercise its supplemental jurisdiction with respect to his PA constitutional claims pursuant to 28 U.S.C. § 1367.  *See Kitzmiller v. Dover Area School Dist.*, 400 F. Supp. 2d 707, 709 (M.D. Pa. 2005).[4]

Plaintiff properly filed his action in the United States District Court for the Middle District of Pennsylvania since the parties are located in the Middle District of Pennsylvania, and his claims relate to events occurring in the Middle District of Pennsylvania. (*See* Doc. 4).

---

[4] In his Amended Complaint, Plaintiff cites to *Kitzmiller* and he states that this case "forbids the teaching of any Creator." (Doc. 4, p. 1). Plaintiff avers that evolution which Defendant teaches in its schools is the equivalent of teaching atheism, *i.e.* there is no Creator and no God.

## II. Screening Plaintiff's Amended Complaint.

As stated, Plaintiff filed an application to proceed *in forma pauperis* and the Court granted it. (Docs. 2 & 3). Since Plaintiff filed a Motion to Proceed *in forma pauperis* showing that he is indigent, as this Court stated in its February 11, 2011 Order (Doc. 3), we are obliged to screen Plaintiff's amended pleading under 28 U.S.C. §1915(e). In *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), the Court stated, "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
>
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal - -
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the

> filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Despite the fact that Plaintiff is not an inmate and is not complaining about prison conditions, § 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino*, Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

**III. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F.

Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

6

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**IV. Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,*

No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## V. Discussion.

As stated, Plaintiff 's Amended Complaint was filed pursuant to 42 U.S.C. § 1983, and Plaintiff avers that his rights under the First and Fourteenth Amendments as well under the PA Constitution were violated by the teaching of evolution in the public schools by Defendant School District. Plaintiff alleges that the teaching of evolution by Defendant is actually teaching atheism in the public schools. Plaintiff avers that it is illegal for Defendant to teach atheism in public schools.

Initially, as a taxpayer, Plaintiff may have standing to bring this action. *See Davidson v. Stanley*, 2003 WL 21785151 *7 (D. N.H.) ("state taxpayers have standing to challenge the expenditures of state funds as violation of the Establishment Clause." (citations omitted); *Moeller v. Bradford County*, 444 F. Supp. 2d 316 (M.D. Pa. 2006). As the *Davidson* Court stated, "[i]n order to establish state taxpayer standing, plaintiffs must show that the challenged activity involves 'a measurable appropriation' or loss of revenue, and 'a direct dollars-and-cents injury' to themselves." 2003 WL 21785151 at *7 (citations omitted). Plaintiff's Ex. A to his Amended Complaint (Doc. 4) seems to indicate that Plaintiff paid $253.00 with respect to his 2010 Occupation Assessment Tax Notice for Blue Mountain School District. Plaintiff also avers that "Defendant wants to tax Plaintiff to support its teaching of Atheism." (Doc. 4, p. 1). However, Plaintiff does not allege that Defendant's teaching of evolution in public schools  involves a

significant amount of appropriation.  Since Plaintiff has not alleged that the Defendant's teaching of evolution in public schools  involves "a measurable appropriation" or "loss of revenue," and "a direct dollars-and-cents injury" to himself, he may lack standing to bring this action.

Moreover, Plaintiff cannot seek money damages from  Defendant under the Pennsylvania Constitution.   Thus, to the extent that Plaintiff seeks money damages from Defendant under the Pennsylvania Constitution (Doc. 4, p. 2), it well-settled that he has no private right of action under the Pennsylvania Constitution for money damages.  Therefore, insofar as Plaintiff is raising  claims under the Pennsylvania Constitution for damages, these claims are subject to dismissal as against Defendant.  *See Bowers v. City of Phila.*, 2008 WL 5210256, *8 (E. D. Pa.).  Thus, claims for damages that Plaintiff is making under the Pennsylvania Constitution against  Defendant should be dismissed as a matter of law.  *See Moeller v. Bradford Co.*, 444 F. Supp. 2d 316, 327 and note 13 (M.D. Pa.)("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private right of action for a federal constitutional violation.")(citations omitted); *Brandt v. Borough of Palmyra*, Civil No. 08-0677, M.D. Pa.; *Maynard v. ENT Surgical Assoc.*, Civil No. 09-1993, M.D. Pa. (1-26-10 Memorandum).[5]

---

[5]The case of *Farrell v. County of Montgomery*, 2006 WL 166519 (E.D. Pa.), also supports the dismissal of our Plaintiff's claims for damages under the Pennsylvania Constitution.  In *Farrell*, the Court stated:

> Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private cause of action for a federal constitutional violation.  *Morris,* 2005 WL 950615, at *43; *Kaucher*, 2005 WL 283628, at * 31.  Although there is some support for an action seeking injunctive relief to enforce the equal rights provisions of the Pennsylvania Constitution, "there has been no such holding as to an action for damages."

Plaintiff avers that evolution which Defendant teaches in its schools is the equivalent of teaching atheism, *i.e.* there is no Creator and no God. Plaintiff wants Defendant to cease its teaching of evolution in the public schools and, he requests this Court to declare such teaching as in violation of the Establishment Clause of the First Amendment.

As mentioned, insofar as Plaintiff names Blue Mountain School District as Defendant, he must do so pursuant to *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978). *See Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008). We find that Plaintiff fails to state a claim against this Defendant under *Monell*.

Under *Monell*, "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.). Since Defendant Blue Mountain School District is a local government unit, the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County*, 2009 WL 2258623, *7 (E.D. Pa.),

---

*Kaucher*, 2005 WL 283628, at * 31.

*Id.* * 3.

The *Farrell* Court concluded that:

> Plaintiffs are seeking damages for violation of the Pennsylvania Constitution and their claim falls squarely within the persuasive reasoning of *Pollarine, Morris*, and *Kaucher*. Therefore, Plaintiffs' state constitutional claim fails as a matter of law, and Count III of the amended complaint will be dismissed with prejudice.

*Id.*

639 F.Supp.2d 566 (E.D. Pa. 2009).

In *Malles,* the Court stated:

> According to the teaching of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Lehigh County "can be sued directly under § 1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell,* 436 U.S. at 690, 98 S.Ct. 2018.

*Id*.

Thus, as the Court stated in *Pribula v. Wyoming Area School Dist.,* 599 F. Supp. 2d 564, 571 (M.D. Pa. 2009):

> In order to directly bring a suit against a local governing body such as the Defendant School District pursuant to 42 U.S.C. § 1983 for monetary, declaratory, or injunctive relief, Plaintiffs must show that the allegedly unconstitutional activity either implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by the officers of the local governing body. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, in order to establish their claim against the Defendant School District, Plaintiffs must show that (1) they suffered a deprivation of a federal right, (2) that was the result of either an express policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority which (3) proximately caused Plaintiffs' injuries. *Id.*

In his Amended Complaint, Plaintiff alleges that the policy of Defendant Blue Mountain School District of teaching evolution to its students amounts to a policy of teaching students atheism and, as such, this policy violates his rights as a taxpayer residing in the School District under First Amendment Establishment Clause.

The Court in *Nusbaum v. Terrangi*, 210 F. Supp. 2d 784, 787 (E.D. Va. 2002), stated "[t]he Establishment Clause provides that 'Congress shall make no law respecting an establishment of religion ….' U.S. Const. Amend. I.  It applies to state governments through the Fourteenth Amendment." citing *Board of Educ. v. Grument*, 512 U.S. 687, 690 (1994);  *Kitzmiller v. Dover Area School Dist.,* 2005 WL 2230024, *2 (M.D. Pa. 9-13-05)(citations omitted)("The prohibition against the establishment of religion applies to the states through the Fourteenth  Amendment.").

In *Lee v. Weisman*, 505 U.S. 577, 587 (1992), the Supreme Court, in considering the minimum requirements of the Establishment Clause, stated: "It is beyond dispute that, at minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious faith, or tends to do so.'" (quoting *Lynch v. Donnelly*, 465 U.S. 668, 678 (1984) (court found that a high school commencement ceremony which included a prayer violated the Establishment Clause since students were psychologically coerced to attend the ceremony).

Thus, Defendant School District must be neutral "between religion and religion, and between religion and nonreligion."  *Stratechuk v. Board of Educ., South Orange-Maplewood School Dist*., 587 F. 3d 597, 604 (3d Cir. 2009)(citations omitted).

We do not find Plaintiff 's citation of *Kitzmiller* (Doc. 4, p. 1) supports his First Amendment claim.  In *Kitzmiller*, the Court found that Defendant School Board's real purpose in adopting a policy to teach intelligent design in its public schools was to promote religion in the public school classroom and, as such, the Court found that the ID policy violated the Establishment Clause.

In *Kitzmiller*, 400 F. Supp. 2d at 716-717, the Court stated:

It is essential to our analysis that we now provide a more expansive account of the extensive and complicated federal jurisprudential legal landscape concerning opposition to teaching evolution, and its historical origins. As noted, such opposition grew out of a religious tradition, Christian Fundamentalism that began as part of evangelical Protestantism's response to, among other things, Charles Darwin's exposition of the theory of evolution as a scientific explanation for the diversity of species. *McLean,* 529 F.Supp. at 1258; *see also, e.g., Edwards,* 482 U.S. at 590-92, 107 S.Ct. 2573. Subsequently, as the United States Supreme Court explained in *Epperson,* in an "upsurge of fundamentalist religious fervor of the twenties," 393 U.S. at 98, 89 S.Ct. 266 (citations omitted), state legislatures were pushed by religiously motivated groups to adopt laws prohibiting public schools from teaching evolution. *McLean,* 529 F.Supp. at 1259; *see Scopes,* 154 Tenn. 105, 289 S.W. 363 (1927). Between the 1920's and early 1960's, anti-evolutionary sentiment based upon a religious social movement resulted in formal legal sanctions to remove evolution from the classroom. *McLean,* 529 F.Supp. at 1259 (discussing a subtle but pervasive influence that resulted from anti-evolutionary sentiment concerning teaching biology in public schools).

As we previously noted, the legal landscape radically changed in 1968 when the Supreme Court struck down Arkansas's statutory prohibition against teaching evolution in *Epperson*, 393 U.S. 97, 89 S.Ct. 266. Although the Arkansas statute at issue did not include direct references to the Book of Genesis or to the fundamentalist view that religion should be protected from science, the Supreme Court concluded that "the motivation of the [Arkansas] law was the same ...: to suppress the teaching of a theory which, it was thought, 'denied' the divine creation of man." *Edwards,* 482 U.S. at 590, 107 S.Ct. 2573 (quoting *Epperson,* 393 U.S. at 109, 89 S.Ct. 266) (Arkansas sought to prevent its teachers from discussing the theory of evolution as it is contrary to the belief of some regarding the Book of Genesis.).

Post- *Epperson,* evolution's religious opponents implemented "balanced treatment" statutes requiring public school teachers who taught evolution to devote equal time to teaching the biblical view of creation; however, such statutes did not pass constitutional muster under the Establishment Clause. *See, e.g., Daniel,* 515 F.2d at 487, 489, 491. In *Daniel,* the Sixth Circuit Court of Appeals held that by assigning a "preferential position for the Biblical version of creation" over "any account of the development of man based on scientific research and reasoning," the challenged statute officially promoted religion, in violation of the Establishment Clause. *Id.* at 489.

The *Kitzmiller* Court also noted:

> the Establishment Clause forbids not just "teaching" religion, but any governmental action that endorses or has the primary purpose or effect of advancing religion. The constitutional violation in *Epperson* consisted not of teaching a religious concept but of forbidding the teaching of a secular one, evolution, for religious reasons. *Epperson,* 393 U.S. at 103, 89 S.Ct. 266. In addition, the violation in *Santa Fe* was school sponsorship of prayer at an extracurricular activity, 530 U.S. at 307-09, 120 S.Ct. 2266, and the violation in *Selman* was embellishing students' biology textbooks with a warning sticker disclaiming evolution. 390 F.Supp.2d at 1312.

400 F. Supp. 2d at 727, n. 7.

In *Busch v. Marple Newtown School Dist.*, 567 F. 3d 89, 100 (3d Cir. 2009), the Court stated:

> Under *Lemon v. Kurtzman,* 403 U.S. 602 (1971), government conduct complies with the Establishment Clause if it meets three criteria. First, it must have a secular purpose. *Id.* at 612, 91 S.Ct. 2105. Second, its primary or principal effect can neither advance nor inhibit religion, meaning that regardless of its purpose, the action cannot symbolically endorse or disapprove of religion. *See id.; ACLU v. Black Horse Pike Reg'l Bd. of Educ.,* 84 F.3d 1471, 1485-86 (3d Cir.1996) (en banc). Third, the government action cannot foster an excessive entanglement with religion. *Lemon,* 403 U.S. at 613, 91 S.Ct. 2105; *ACLU,* 84 F.3d at 1483.

*See also Stratechuk v. Board of Educ., South Orange-Maplewood School Dist.*, 587 F. 3d 597, 604 (3d Cir. 2009)(*Lemon* test is "still good law").

In *Kitzmiller,* the Court applied the *Lemon* test and stated:

As articulated by the Supreme Court, under the *Lemon* test, a government-sponsored message violates the Establishment Clause of the First Amendment if: (1) it does not have a secular purpose; (2) its principal or primary effect advances or inhibits religion; or (3) it creates an excessive entanglement of the government with religion. *Lemon,* 403 U.S. at 612-13, 91 S.Ct. 2125. As the *Lemon* test is disjunctive, either an improper purpose or

>an improper effect renders the [Blue Mt. School District] Policy
>[of teaching evolution] invalid under the Establishment Clause. (Footnote omitted).

400 F. Supp. 2d at 746.

We find that our Plaintiff has not properly alleged that Defendant Blue Mountain School District's primary purpose of teaching evolution in the public schools was to advance any religion. Plaintiff merely avers that teaching evolution "is actually Atheism (no Creator = no God)" and, that "it is illegal to teach Atheism in the public schools." (Doc. 4, p. 1). We do not find that Plaintiff's attempted logic sufficiently shows, for purposes of his First Amendment claim, that Defendant's teaching of evolution amounts to teaching any religion or atheism. Thus, we find that Plaintiff has failed to allege that Defendant's policy of teaching evolution had a non-secular purpose. We find no religious purpose is properly alleged with respect to Defendant's policy. We find that the policy of Blue Mountain School District clearly has only a secular purpose. In fact, as the *Kitzmiller* Court pointed out, in *Epperson*, the Supreme Court struck down Arkansas's statutory prohibition against teaching evolution. Therefore, based on *Epperson*, if the state enacted a law forbidding the teaching of evolution in public schools for religious reasons, it would be unconstitutional. 393 U.S. at 103. *See also Edwards v. Aguillard*, 482 U.S. 578 (1987); *Good News Club v. Milford Central School*, 533 U.S. 98, 116 (2001)(Supreme Court in *Edwards* held that "a Louisiana law that proscribed the teaching of evolution as part of the public school curriculum, unless accompanied by a lesson on creationism, violated the Establishment Clause.").

Thus, Plaintiff Ritter seeks, in part, relief, *i.e.* for this Court to declare Defendant Blue Mountain School District's policy of teaching evolution violates the Establishment Clause, which

15

may be unconstitutional based on *Epperson*.

Nor do we find that Plaintiff has properly alleged that the primary effect of Defendant Blue Mountain School District 's policy of teaching evolution was promoting or advancing any religion. Plaintiff simply states that teaching evolution is actually teaching atheism and, that this is tantamount to teaching that there is no Creator and no God. We do not find that Plaintiff's bald assertions, in light of *Bell Atlantic Corp. v. Twombly, supra,* have properly alleged that Defendant Blue Mountain School District's policy of teaching evolution has an actual purpose to endorse any religion or to disapprove any religion.

Further, we find that Plaintiff has not alleged Defendant Blue Mountain School District's policy fosters an excessive entanglement with religion. Rather, we find Defendant's challenged policy does the opposite, *i.e.* it creates no entanglement with religion.

Thus, we find that Plaintiff, in his Amended Complaint, has again failed to state a cognizable claim, including a claim under the First Amendment, insofar as he alleges that Defendant School District's policy of teaching its students evolution violates the Establishment Clause. *See Busch, supra*.

Accordingly, we will recommend that Plaintiff's Amended Complaint (Doc. 4) be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).

**VI. Recommendation.**

Based on the above, it is respectfully recommended that Plaintiff's Amended Complaint (Doc. 4) be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).[6]

```
                          s/ Thomas M. Blewitt
                          THOMAS M. BLEWITT
                          United States Magistrate Judge
```

**Dated: March 18, 2011**

---

[6] Pursuant to our above discussion, we find futility of any further amendment of Plaintiff's federal claim against Defendant School District, and we shall not recommend Plaintiff be granted leave to file a second amended pleading with respect to this claim. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

As the Court stated in *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.):

> *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston,* 363 F.3d at 235; *see, e.g., Gurreri v. Adams County Prison,* Civil No. 3:CV-07-2198, 2008 WL 170599, at *2 (M.D. Pa. Jan.17, 2008) (affording the plaintiff an opportunity to amend his complaint after inappropriately naming the county prison as a defendant). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recovery is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. RITTER, JR., : | |
| : | CIVIL ACTION NO. **3:CV-11-0116** |
| Plaintiff : | (Judge Slomsky) |
| v. : | (Magistrate Judge Blewitt) |
| BLUE MT. SCHOOL DIST., : | |
| Defendant : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 18, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: March 18, 2011**